```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    JACKSON DIVISION
```

CEDRIC LAMAR HOSKINS, #150792                              PLAINTIFF

VERSUS                              CIVIL ACTION NO. 3:12-cv-106-TSL-MTP

HONORABLE JOHN EMFINGER, Circuit Court
Judge for Rankin County, Mississippi;
CHRISTOPHER EPPS, Commissioner of the
Mississippi Department of Corrections;
MICHAEL GUEST, District Attorney of
Rankin County, Mississippi;
and JOHN COLLETTE, attorney-at-law                         DEFENDANTS

## MEMORANDUM OPINION

This cause is before the court, <u>sua sponte</u>, for consideration of dismissal. Plaintiff Cedric Lamar Hoskins, #150792, an inmate currently confined in South Mississippi Correctional Institution, Leakesville, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983. The named defendants are Judge John Emfinger, Christopher Epps, Michael Guest and John Collette. Plaintiff is requesting as relief that his conviction be overturned because he did not knowingly enter a guilty plea. Additionally, he is requesting that he receive a trial for his state court criminal charge.

## Background

The plaintiff complains that he was forced to enter a guilty plea. Plaintiff asserts that he did not fit the "mens rea" criteria because he did not have the intent to commit the crime. Additionally, plaintiff claims that defendant Collette "sold me out." As a result of the actions of defendants Collette and

Guest, plaintiff argues that his Sixth, Eighth and Fourteenth Amendment rights have been violated. Finally, plaintiff contends that defendant Epps illegally incarcerated him in 2009.

## Analysis

Title 28 U.S.C. § 1915(e)(2) (as amended), applies to <u>in forma pauperis</u> proceedings and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Therefore, because plaintiff was granted <u>in forma pauperis</u> status by an order of this court, § 1915(e)(2) applies to this case.

Initially, this court must decide whether the plaintiff should pursue this matter as a request for habeas corpus relief or as a civil rights action pursuant to 42 U.S.C. § 1983. Section 1983 is an appropriate legal vehicle to attack unconstitutional prison procedures or conditions of confinement. <u>Carson v. Johnson</u>, 112 F.3d 818, 820 (5th Cir. 1997) (citing <u>Cook v. Texas Dept. of Crim. Just. Planning Dept.</u>, 37 F.3d 166, 168 (5th Cir. 1994)). The plaintiff must pursue claims that affect his eligibility for, or entitlement to, accelerated release through habeas corpus. <u>Id</u>. (citing <u>Pugh v. Parish of St. Tammany</u>, 875 F.2d 436, 439 (5th Cir. 1989)). If the plaintiff's

claim that his guilty plea was not knowingly entered as well as his general assertion that his constitutional rights provided by the Sixth, Eighth, and Fourteenth Amendments were violated are proven and this court grants the requested relief, it could result in the plaintiff receiving an early release from custody. With this in mind, this court has determined that the plaintiff must first pursue this cause by filing a petition for habeas corpus relief.

Before the plaintiff can pursue this matter through habeas corpus in federal court, he is required to exhaust his available state remedies. Preiser v. Rodriguez, 411 U.S. 475 (1973); Thomas v. Torres, 717 F.2d 248, 249 (5th Cir. 1983). A review of the court records established that plaintiff filed on February 15, 2012, his petition for habeas relief. See Hoskins v. Epps, No. 3:12-cv-105-HTW-LRA. Because the petitioner filed a habeas in this court, this complaint will not be liberally construed as a petition for habeas corpus relief but said complaint will be dismissed for failure to state a claim upon which relief can be granted.

## Conclusion

As discussed above, the plaintiff's claims are habeas in nature and not properly pursued under 42 U.S.C. § 1983. Therefore, the claims will be dismissed with prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii).

As a result of this case being dismissed pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii), it will be counted as a "strike". See 28 U.S.C. § 1915(g).  If the plaintiff receives "three strikes" he will be denied in forma pauperis status and required to pay the full filing fee to file a civil action or appeal.

A final judgment in accordance with this memorandum opinion will be entered.

SO ORDERED, this the 7th day of March, 2012.

/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE